UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE DELAWARE TRIBE OF INDIANS, and THE DELAWARE TRUST BOARD,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No.: 02-26 L<br>Judge Francis M. Allegra |

**JOINT STATUS REPORT**

Plaintiffs, the Delaware Tribe of Indians and the Delaware Trust Board, together with Defendant, the United States of America, (collectively, "the parties") respectfully submit this Joint Status Report pursuant to the terms of the Court's Order of December 13, 2002.

The parties' Joint Status Report of June 14, 2006 stated that the parties were continuing to work toward legislation that would implement the settlement structure in this case.

Since that time, the Tribe has continued to work with members of Congress and congressional staff regarding potential legislation to effect the settlement structure in the wake of the Tenth Circuit's opinion in Cherokee Nation of Oklahoma v. Norton, 389 F.3d 1074 (10th Cir. 2004), *cert. denied* 126 S.Ct. 333 (2005). The Tribe's negotiations with the Cherokee Nation produced draft legislation that was presented jointly to the Oklahoma congressional delegation on July 27, 2006 by the Chiefs of the two tribes. Given the timing in an election year and the complexities of resolving the 140-year-old issues between the Delawares and the Cherokees, it is uncertain what congressional action on the legislation will occur in this calendar year.

The Defendant, through the United States Attorney's Office in the District of Idaho, is continuing efforts to resolve underpayments owed to certain members of the Delawares of Idaho,

the Kansas Delawares, and the Cherokee Delawares pursuant to the District Court's Order of July 7, 2006, in Delawares of Idaho, Inc., Kansas Delaware Tribe of Indians, Inc., et al. v. William P. Clark, Civ. 83-1192 (D. Idaho 1984), attached hereto.

The parties are encouraged by the progress made in the last three months on these various aspects of the settlement structure.

Unless otherwise directed, the parties will file their next written status report to the Court on or before December 14, 2006.

Dated: September 21, 2006.

Respectfully submitted,

/s Alan R. Taradash by
/s Daniel G. Steele________
Alan R. Taradash
Nordhaus Law Firm, LLP
405 Dr. Martin Luther King Ave. NE
Albuquerque, NM 87102-3541
telephone: 505-243-4275
facsimile: 505-243-4464
Attorney of Record for Plaintiffs

/s Daniel G. Steele
Daniel G. Steele
Environment and Natural Resources Division
General Litigation Section
U.S. Department of Justice
P.O. Box 663
Washington, DC 20044-0663
telephone: 202-305-0484
facsimile: 202-305-0506
Attorney of Record for Defendant

Of Counsel for Plaintiff:
Thomas J. Peckham
Daniel I.S.J. Rey-Bear
Nordhaus Law Firm, LLP
405 Dr. Martin Luther King Ave. NE
Albuquerque, NM 87102-3541
telephone: 505-243-4275
facsimile: 505-243-4464

Of Counsel for Defendant:
Catherine Goshe
Office of the Solicitor
U.S. Department of the Interior
1849 C Street NW, MS 6456
Washington, DC 20240
telephone: 202-208-5134
facsimile: 202-219-0559

Donald H. Grove
Nordhaus Law Firm, LLP
1401 K St., N.W.
Washington, D.C. 20005
telephone: 202-530-1270
facsimile: 202-530-1920

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DELAWARES OF IDAHO, INC., KANSAS DELAWARE TRIBE OF INDIANS, INC., ARTHUR A. CREECH and WANDA JUNE WEEKS, | ) | Case No. CV-83-1192-S-BLW |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| WILLIAM P. CLARK, Secretary of the Interior of the United States of America, | ) | |
| Defendants. | ) | |

The following Order is entered by the Court in the interest of implementing the directive contained in the Judgment of October 3, 1984, in which the Court directed the United States Government to correct underpayments owed to certain members of the following entities, to wit: the Delawares of Idaho, Inc.; the Kansas Delawares Tribe of Indians, Inc.; and the Cherokee Delawares (referred to in the 1980 Act as the Delaware Tribe of Indians) (individually each a "tribe" and collectively the "tribes"). The Court has been advised by the United States Attorney for the District of Idaho that its client, the Department of the Interior, has developed a plan for compliance with the above Judgment. The Court is further advised that efforts are now under way to obtain those funds and place them in an interest-bearing account under the control of this Court. Pending the deposit of funds, it will be necessary for the above tribal entities to identify their members (referred to in the October 3, 1984 Judgment as the "afterborns") who will be entitled to payments from the fund..

The Court is further advised by counsel for the three tribal entities that their clients are willing and able to compile an accurate roll of their afterborn members who are eligible for distribution of the funds ordered to be paid by the 1984 Judgment.

Entry of this Order will enhance efficient resolution of this matter by facilitating preparation of rolls of and authorize production of confidential and proprietary records while protecting them from further disclosure consistent with Applicable Confidentiality Laws, as defined below, and will avoid waivers of exemptions from disclosure under the Freedom of Information Act, 5 U.S.C. § 552.

Based on the foregoing, and the Court being advised in the premises, IT IS HEREBY ORDERED:

1. The Delawares of Idaho, Inc., shall compile a current roll of the 58 Idaho Delawares born after October 3, 1972, who are entitled to payment under the Act of 1980.

2. The Kansas Delawares Tribe of Indians, Inc., shall compile a current roll of the 234 Kansas Delawares born after October 3, 1972 who are entitled to payment under the Act of 1980.

3. The Delaware Tribe of Indians ("Cherokee Delawares") shall compile a current roll of the 1,372 members born after October 3, 1972 who are entitled to payment under the Act of 1980.

4. The above tribal entities shall also identify any deceased afterborn members and include in the roll the names of the heirs at law of such deceased afterborns.

5. The rolls submitted pursuant to this Order shall be certified by the respective

tribal entity to be true and accurate according to the best information available to them but shall not require a certification of absolute authenticity.

6. The Court anticipates that the tribal entities may encounter costs as they assemble their rolls, including the costs of compensation for the person or persons assembling the rolls. It is also ordered that each entity will be allowed to submit interim petitions for costs as may from time to time be necessary.

7. It is further ordered that when the membership rolls are compiled and submitted to the Court for distribution to the afterborns, each entity shall submit a memorandum of its costs incurred in assembling its rolls.

8. The Defendant shall produce to authorized representatives of the Delawares of Idaho, Inc., the Kansas Delaware Tribe of Indians, Inc., or the Delaware Tribe of Indians ("Cherokee Delawares") all records requested by any tribe reasonably necessary to its attempt to develop and certify a list of afterborns entitled to a distribution under the 1984 Order.

9. Such production of records is hereby authorized and ordered notwithstanding an assertion by Defendant that such records might otherwise be subject to protections under any federal statute or regulation which protects federal records from public disclosure, including but not limited to the following acts (including any regulations promulgated thereto): the Privacy Act, 5 U.S.C. § 552a; the Trade Secrets Act, 18 U.S.C. § 1905; certain provisions of the National Historic Preservation Act, 16 U.S.C. § 470w-3; the Archeological Resources Protection Act, 16 U.S.C. § 470hh(a); the Indian Mineral Development Act, 25 U.S.C.

§ 2103(c); the Mineral Leasing Act, 30 U.S.C. § 208-1; the Surface Mining Control and Reclamation Act, 30 U.S.C. § 1201; and the Defense Production Act, 50 U.S.C. App. § 2155(e) (collectively "Applicable Confidentiality Laws").

DATED: July 7, 2006

B. LYNN WINMILL
Chief Judge
United States District Court