UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE DELAWARE TRIBE OF INDIANS, and THE DELAWARE TRUST BOARD, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 02-26 L<br>Judge Francis M. Allegra |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Plaintiffs, the Delaware Tribe of Indians and the Delaware Trust Board ("Tribe"), together with Defendant, the United States of America, (collectively, "the parties") respectfully submit this Joint Status Report pursuant to the terms of the Court's Order of December 13, 2002.

In the parties' Joint Status Report of March 14, 2008, they informed the Court that legislation incorporating the settlement structure in this case was being reviewed by the Oklahoma congressional delegation. The delegation remains fully supportive of the settlement portion of the legislation.

The discussion drafts of the legislation also include provisions relative to the result of the Tenth Circuit's opinion in Cherokee Nation of Oklahoma v. Norton, 389 F.3d 1074 (10th Cir. 2004), *cert. denied* 126 S.Ct. 333 (2005). In the last status report, the Tribe reported that member-to-member discussions within the Oklahoma delegation regarding those provisions were bringing the remaining issues into focus.

The end result of those discussions, including detailed discussions between delegation staff and the relevant committees, was that the previously proposed approach to those provisions did not appear likely to lead to passage of legislation during this congressional session. At the

urging of the delegation, the Tribe and the Department of the Interior have explored alternative methods to accomplish the same ends. While it is not yet certain, it appears that the parties have identified a possible approach that would likely combine administrative and congressional action to resolve fully the Cherokee Nation issues. After discussions with Department of the Interior staff on technical issues, the Tribe and Congressman Sullivan are moving to finalize the new legislative approach in anticipation of introduction before or shortly after the upcoming holiday recess. The parties continue to discuss the administrative portion of the new approach.

The Tribe has also engaged in discussions with Defendant to explore the possibility of paying portions of the agreed-upon settlement amounts without congressional action. Access to those funds is important to economic development projects being pursued by the Tribe. Initial discussions have been favorable.

As reported previously, the Defendant has completed its primary responsibilities under the settlement structure to resolve certain issues relating to an outstanding 1984 federal district court Judgment and Order against the United States in Delawares of Idaho, Inc., Kansas Delaware Tribe of Indians, Inc., et al. v. William P. Clark, Civ. 83-1192 (D. Idaho 1984) addressed in prior reports. Plaintiff in December submitted a list of 1,044 names (out of approximately 1,370) for payment in accordance with that court's judgment and orders, and will submit a list of additional names and addresses to that court by the end of next week. The draft legislation continues to include the parties' joint revisions that reflect the continuing progress in that case.

Finally and as reported previously, the Delawares of Idaho, Inc., have filed a separate mandamus action in the United States District Court for the District of Idaho, Delawares of Idaho, Inc. v. Kempthorne, No. 1:07-cv-00237-EJL, to compel the Secretary of the Interior to distribute Idaho Delaware funds that otherwise would be distributed to the Idaho Delawares

pursuant to the draft legislation. The parties in that lawsuit are now discussing the appropriate method to resolve that suit, which would result in a district court order. However, the draft legislation includes the parties' joint revisions that would also ensure that the proposed legislation and the mandamus action will resolve the issues fully, finally, and without conflicting liabilities.

While the Tribe did not foresee the need to rework the legislative approach to the Cherokee Nation result, the Tribe would like to both note to the Court and express its appreciation for the cooperation, commitment, and flexibility of the various entities of the Defendant involved in seeking an honorable and favorable resolution to the complex, interrelated issues involved. Substantial progress has been made since the last report. The Tribe has reason to believe that the current strategy may lead to a successful resolution of all issues by the end of the year. Unless otherwise directed, the parties will file their next written joint status report to the Court on or before September 12, 2008. In addition, if the legislation is introduced before that date, the parties will provide notice to the Court.

Dated: June 12, 2008 Respectfully submitted,

/s Alan R. Taradash by
/s Thomas J. Peckham
Alan R. Taradash
Nordhaus Law Firm, LLP
405 Dr. Martin Luther King Ave. NE
Albuquerque, NM 87102-3541
telephone: 505-243-4275
facsimile: 505-243-4464
Attorney of Record for Plaintiffs

/s Daniel G. Steele by
/s Thomas J. Peckham
Daniel G. Steele
Environment and Natural Resources Division
General Litigation Section
U.S. Department of Justice
P.O. Box 663
Washington, DC 20044-0663
telephone: 202-305-0484
facsimile: 202-305-0506
Attorney of Record for Defendant

Of Counsel for Plaintiff:
Thomas J. Peckham
Daniel I.S.J. Rey-Bear
Nordhaus Law Firm, LLP
405 Dr. Martin Luther King Ave. NE
Albuquerque, NM 87102-3541
telephone: 505-243-4275
facsimile: 505-243-4464

Of Counsel for Defendant:
David Moran
Office of the Solicitor
U.S. Department of the Interior
1849 C Street NW
Washington, DC 20240
telephone: 202-208-7352
facsimile: 202-219-0559

Donald H. Grove
Nordhaus Law Firm, LLP
1401 K St., N.W.
Washington, D.C. 20005
telephone: 202-530-1270
facsimile: 202-530-1920